UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number:
IN ADMIRALTY

COMPANIA SUD AMERICANA
DE VAPORES, S.A.,

    Plaintiff,

v.

WORLD FUEL SERVICES, INC.
d/b/a BUNKERFUELS, and
CHEVRON CORPORATION
d/b/a CHEVRON MARINE,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, COMPANIA SUD AMERICANA DE VAPORES, S.A. ("CSAV"), by and through undersigned counsel and for their Complaint against Defendants, WORLD FUEL SERVICES, INC. d/b/a BUNKERFUELS ("WFS") and CHEVRON CORPORATION d/b/a CHEVRON MARINE ("CHEVRON") state as follows:

### I. STATUS OF THE PARTIES

1.    At all times material, CSAV was a business entity organized under the laws of the Republic of Chile with its principal place of business in Valparaiso, Chile and is engaged in business as a vessel operating common carrier through the use of ocean going vessels it charters or owns and some of which call at ports in the State of Florida.

2.    At all times material, WFS was a corporation organized under the laws of the State of Florida with its principal place of business in Miami, Florida and is engaged in the business of bunkering and delivery of fuel oil to ocean-going vessels.

3. At all times material, CHEVRON was a corporation organized under the laws of the State of California with its principal place of business in San Ramon, California and is engaged in the business of bunkering and delivery of fuel oil to ocean-going vessels, doing business on a systematic basis within the State of Florida as more fully set forth below.

## II. JURISDICTION AND VENUE

4. This action arises within this Court's Admiralty and Maritime jurisdiction under 28 U.S.C. 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. In the alternative, this action arises under the Court's diversity jurisdiction under 28 U.S.C. 1332 involving a foreign business entity as plaintiff and defendants that are citizens of different states.

5. The amount in dispute is in excess of $75,000.00 as CSAV seeks damages in excess of $282,760.00.

6. Venue is proper in this District as a substantial part of the events or omissions giving rise to the claim occurred in this District and/or all defendants do business in this District.

7. WFS and CHEVRON, personally or through their agents or representatives:

   a. Operated, conducted, engaged in or carried on a business venture in the state of Florida and/or has an office or agency in this state; and/or

   b. Were engaged in substantial business activity within the state of Florida; and/or

   c. Committed one or more of the acts identified as giving rise to jurisdiction in Florida Statutes §§48.081, 48.181, or 48.193; and/or

   d. Engaged in continuous and non-isolated activity within the state of Florida, including but not limited to:

      (i) Entering into contracts, undertakings and agreements with various third parties as part of its above described business activities, which required and contemplated regular actions and

        activities to be performed within the state of Florida and its territorial waters as well as the territorial waters of the United States; and/or

   e.   Operated, conducted, engaged in or carried on a business venture in the United States or has an office(s) or agency in the United States; and/or

   f.   Were engaged in substantial business activity within the United States; and/or

   g.   Are subject to service and jurisdiction under the provisions of Fed.R.Civ.P. 4(k); and accordingly, are subject to the jurisdiction of this Court.

### III. FACTUAL ALLEGATIONS

8. At all times material, CSAV was the time charterer of the vessel M/V "Wehr Elbe".

9. On or about July 30, 2010, from its offices in Miami, Florida, WFS agreed to provide marine bunker fuel of a specified quality to the vessel M/V "Wehr Elbe" at the Port of Houston, Texas; the delivery in question called for 1,200 metric tons of bunker fuel and specifically to deliver the following fuel: 380CST/ISO 8217:2005 RMG3 80.

10. On or about August 8, 2010, CHEVRON, at the request and direction of WFS, supplied the marine fuel to the M/V "Wehr Elbe" at the Port of Houston, Texas.

11. However, the marine fuel provided to the vessel by WFS and/or CHEVRON was not in accordance with the quality specifications agreed upon and due to the off-spec nature of the fuel, the injection pumps and valves of the M/V "Wehr Elbe" suffered damage.

12. Subsequently, pursuant to the time charter, the owners of the vessel, MS "WEHR ELBE" SCHIFFARTSGESCHAFT mbH & Co.KG ("WEHR ELBE"), made a claim against CSAV for all engine related damage in the amount of $282,760.03; in turn, CSAV gave notice thereof to WFS and CHEVRON and has demanded that they pay the claim and otherwise indemnify CSAV.

13. WEHR ELBE has now unilaterally and wrongfully withheld the sum of $282,760.14 from sums which WEHR ELBE owes to CSAV due to the engine related damage caused by WFS and CHEVRON. Both WFS AND CHEVRON have been put on notice of the actions taken by WEHR ELBE.

## COUNT I – INDEMNITY AGAINST WFS

14. CSAV realleges and incorporates by reference the allegations contained in paragraphs one (1) through thirteen (13) above as if fully alleged herein.

15. CSAV has suffered damages as WEHR ELBE has unilaterally and wrongfully withheld the sum of $282,760.14 from sums which WEHR ELBE owes to CSAV due to the engine related damage caused by WFS and CHEVRON.

16. Alternatively, in the event that CSAV becomes obligated to pay damages to WEHR ELBE for the damage to the engines of the M/V "WEHR ELBE", which is denied, it will be due solely to the vicarious, constructive, special, technical or derivative liability resulting from the failure of WFS, its agents, servants and employees to provide marine fuel of the agreed upon specified quality, and without any fault on the part of CSAV; CSAV did not provide, manufacture or deliver the fuel in question.

17. CSAV has made a demand upon WFS to answer the claim of WEHR ELBE and pay their damages, but WFS has refused to do so.

18. CSAV has satisfied all conditions precedent to the filing of this Complaint.

19. CSAV has hired the undersigned law firm to represent them against the vessel owner's claims and in prosecuting the instant Complaint and have agreed to pay the undersigned firm attorneys' fees and costs. CSAV is entitled to recovery from WFS of attorneys' fees and costs in defense of the vessel owner's claims under the law of indemnity.

WHEREFORE, CSAV respectfully requests that the Court enter a judgment in its favor and against WFS for the sum of $282,760.14 which WEHR ELBE has unilaterally and wrongfully withheld from sums which WEHR ELBE owes to CSAV, or alternatively for all sums that CSAV may become obligated to pay WEHR ELBE as a result of the off-spec bunkers provided by WFS and for pre-judgment and post-judgment interest, court costs, attorneys' fees in defense of the present action, costs, and such additional relief that the Court deems appropriate.

## COUNT II – INDEMNITY AGAINST CHEVRON

20. CSAV realleges and incorporates by reference the allegations contained in paragraphs one (1) through twelve (13) above as if fully alleged herein.

21. In the event that CSAV becomes obligated to pay damages to WEHR ELBE for the damage to the engines of the M/V "Wehr Elbe", which is denied, it will be due solely to the vicarious, constructive, special, technical or derivative liability resulting from the failure of CHEVRON, its agents, servants and employees to provide marine fuel of the specified quality, and without any fault on the part of CSAV; CSAV did not provide, manufacture or deliver the fuel in question.

22. CSAV has made a demand upon CHEVRON to answer the claim of WEHR ELBE and pay their damages, but CHEVRON has refused to do so.

23. CSAV has satisfied all conditions precedent to the filing of this Complaint.

24. CSAV has hired the undersigned law firm to represent them against the claims of the vessel owners and in prosecuting the instant Complaint and have agreed to pay the undersigned firm attorneys' fees and costs. CSAV is entitled to recovery from CHEVRON of attorneys' fees and costs in defense of the vessel owner's claims under the law of indemnity.

25. WHEREFORE, CSAV respectfully requests that the Court enter a judgment in its favor and against CHEVRON for the sum of $282,760.14 which WEHR ELBE has unilaterally and wrongfully withheld from sums which WEHR ELBE owes to CSAV, or alternatively for all sums that CSAV may become obligated to pay WEHR ELBE as a result of the off-spec bunkers provided by CHEVRON and for pre-judgment and post-judgment interest, court costs, attorneys' fees in defense of the present action, costs, and such additional relief that the Court deems appropriate.

Respectfully submitted,

/s/Charles G. De Leo
Charles G. De Leo
Fla. Bar No. 353485
Email: cdeleo@dkmaritime.com
Jan M. Kuylenstierna
Fla. Bar No. 375985
Email: jkuylenstierna@dkmaritime.com
Damon T. Hartley
Fla. Bar No. 0041136
Email: dhartley@dkmaritime.com
DE LEO & KUYLENSTIERNA P.A.
Town Center One
Suite 1710
8950 SW 74th Court
Miami, Florida 33156
Phone: 786.332.4909